UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee of the HOME EQUITY
MORTGAGE LOAN ASSET-BACKED TRUST
Series INABS 2006-D, HOME EQUITY
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES Series INABS 2006-D under the
POOLING AND SERVICING AGREEMENT
DATED SEPT 1, 2006,

                        Plaintiff,

              v.

SEGUNDO F. TACOAMAN A/K/A SEGUNDO
FRANCISCO TACOAMAN A/K/A SEGUNDO
TACOAMAN; CITIBANK (SOUTH DAKOTA),
N.A.; COMMISSIONER OF LABOR OF THE
STATE OF NEW YORK; EXTECH BUILDING
MATERIALS, INC.; "JOHN DOE #1" through
"JOHN DOE #12," the last twelve names being
fictitious and unknown to plaintiff, the persons or
parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming
an interest in or lien upon the Subject Property
described in the Complaint,

                     Defendants.

--------------------------------------------------------------------

**MEMORANDUM & ORDER**
25-CV-1698 (MKB) (JRC)

MARGO K. BRODIE, United States District Judge:

Plaintiff Deutsche Bank National Trust Company, as Trustee of the Home Equity

Mortgage Loan Asset-Backed Trust Series INABS 2006-D, Home Equity Mortgage Loan Asset-

Backed Certificates Series INABS 2006-D under the Pooling And Servicing Agreement dated

Sept 1, 2006, commenced the above-captioned action on March 27, 2025 against Defendants

Segundo F. Tacoaman, Citibank (South Dakota), N.A., Commissioner of Labor of the State of

New York, and Extech Building Materials, Inc., alleging violations of New York's Real Property

Actions and Proceedings Law § 1301 *et seq.* ("RPAPL"), seeking damages, attorneys' fees and costs, and a judgment of foreclosure and sale. (Compl., Docket Entry No. 1.) On May 16, 2025, Plaintiff sought a notice of default from the Clerk of Court, (Pl.'s Req. for Certificate of Default, Docket Entry No. 17), and on May 27, 2025, the Clerk of Court noticed default, (Clerk's Entry of Default, Docket Entry No. 18).

On June 26, 2025, Plaintiff moved for default judgment against Defendants. (Pl.'s Mot. for Default J., Docket Entry No. 19.) On June 27, 2025, the Court referred Plaintiff's motion for default judgment to Magistrate Judge James R. Cho for a report and recommendation. (Order dated June 27, 2025.) By report and recommendation dated February 12, 2026, Judge Cho recommended that the Court grant Plaintiff's motion for default judgment and award Plaintiff damages and additional relief (the "R&R"). (R&R 2, 22–23, Docket Entry No. 30.) For the reasons discussed below, the Court adopts the R&R and grants Plaintiff's motion for default judgment.

## I.   Background

In the R&R, Judge Cho recommended that the Court grant Plaintiff's motion for default judgement.[1] (R&R 2, 22.) First, Judge Cho recommended that the Court find that Plaintiff is entitled to foreclosure and grant Plaintiff's motion for default judgment. (*Id.* at 13–16.) Second, Judge Cho recommended that the Court award Plaintiff damages in the amount of: (1) the unpaid

---

[1] On December 17, 2025, Judge Cho ordered Plaintiff to show cause why the court should not dismiss the action for, among other things, lack of diversity of citizenship and failure to comply with the procedural requirements of New York's Civil Procedure Law & Rules and the RPAPL, (Order to Show Cause dated Dec. 17, 2025, Docket Entry No. 21), and on January 16, 2026, Plaintiff responded, (Response to Order to Show Cause, Docket Entry No. 26). On January 30, 2026, Judge Cho held a hearing, but Defendants failed to appear despite being served with the notice of hearing. (Min. Entry dated Jan. 30, 2026; Certificate of Service, Docket Entry No. 28.) Defendants did not answer or respond to Plaintiff's motion for default judgment.

principal balance of $482,409.36; (2) interest of $2,877.55 from September 1, 2024 to May 5, 2025 and additional interest at a daily rate of $11.65 from May 6, 2025 until the entry of judgment; (3) escrow advances of $5,110.95 and property inspection fees of $180; (4) attorneys' fees of $3,400; and (8) costs of $1,807.50.  (*Id.* at 16–21, 23.)  Third, Judge Cho recommended that the Court appoint Scott H. Siller, Esq. as referee to conduct the sale of the property to be foreclosed upon, 92-29 76th Street, Woodhaven, New York 11421 (the "Subject Property"), under the terms set forth in Plaintiff's proposed judgment of foreclosure and sale.  (*Id.* at 21–22; Proposed J. of Foreclosure and Sale, appended to Pl.'s Mot. for Default J., Docket Entry No. 19-21.)  Fourth, Judge Cho recommended that the claims brought against "John Doe #1" through "John Doe #12" be dismissed and the caption be amended to substitute "Citibank, National Association" for "Citibank (South Dakota) N.A."  (R&R 23.)

No objections to the R&R have been filed and the time for doing so has passed.

## II.  Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see Serrano v. Royce*, No. 20-CV-6660, 2024 WL 295374, at *2 (S.D.N.Y. Jan. 25, 2024) (quoting *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999)) (same).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision."  *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Johnson v. Chappius*, No. 24-1225, 2025 WL 999674, at *4 (2d Cir. Apr. 3, 2025) (summary order) ("But 'when a party fails to object timely to a magistrate [] [judge's] recommended decision, it waives

any right to further judicial review of that decision.'" (quoting *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022))); *Miller*, 43 F.4th at 120 ("[T]his court has adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision." (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv. (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## III. Conclusion

The Court adopts the R&R and grants Plaintiff's motion for default judgment and awards Plaintiff damages in the amount of: (1) the unpaid principal balance of $482,409.36; (2) interest

of $2,877.55 from September 1, 2024 to May 5, 2025 and additional interest at a daily rate of $11.65 from May 6, 2025 until the entry of judgment; (3) escrow advances of $5,110.95 and property inspection fees of $180; (4) attorneys' fees of $3,400; and (5) costs of $1,807.50.  In addition, the Court appoints Scott H. Siller, Esq. as referee to conduct the sale of the Subject Property under the terms set forth in the proposed judgment of foreclosure and sale.  Finally, the Court dismisses the claims brought against "John Doe #1" through "John Doe #12" and amends the caption to substitute "Citibank, National Association" for "Citibank (South Dakota) N.A." The Clerk of Court is directed to enter judgment and close the case.

Dated: March 5, 2026
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge